IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL E. MCKINZY, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-00511-CV-W-NKL |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Summary Judgment [Doc. # 9] and Defendant's Cross-Motion for Partial Summary Judgment [Doc. # 20]. For the following reasons, Plaintiff's motion is DENIED and Defendant's motion is GRANTED.

The facts of this case are simply stated. Pro se Plaintiff Michael E. McKinzy, Sr. ("McKinzy"), did not file tax returns for tax years 1999, 2001-2004 until various dates in 2007. (Pl. Mot. ¶¶ 1-5). McKinzy timely filed his 2006 tax return. *Id*. ¶ 6. McKinzy now seeks the refund of taxes previously withheld.[1] *Id*. ¶¶ 1-5. The Government moves for partial summary judgment on McKinzy's claims for tax years 1999 and 2001-02 and argues that there remain genuine issues of material fact for tax years 2003-04 and 2006. (Def. Brief, 1). The Government argues that McKinzy's motion for summary judgment is premature and the Court should permit more time pursuant to Fed. R. Civ. P. 56(f) to

---

[1] McKinzy incorrectly names the Internal Revenue Service as the defendant; the correct defendant is the United States of America.

1

conduct discovery.

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Castillo v. Ridge*, 445 F.3d 1057, 1060 (8th Cir. 2006), citing *Gipson v. Immigration and Naturalization Service*, 284 F.3d 913, 916 (8th Cir. 2002). The summary judgment rule is intended "to isolate and dispose of factually unsupported claims" and should be applied to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (citation omitted). The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

The only tax years for which there are no genuine issue of material fact are 1999, 2001 and 2002.  Claims for refund of an overpayment are limited by 26 U.S.C. 6511(a) to "3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  Under 26 U.S.C. 6511(b)(1), no refund or credit is permitted if the claim is filed outside this period.  McKinzy filed his 1999 return on July 9, 2007; his 2001 tax return on April 6, 2007; and, his 2002 tax return on April 6, 2007.  (Pl. Mot. ¶¶ 1-3).  Because the tax he seeks a refund for was paid more than two years before McKinzy's late tax returns were filed, the statute of limitations has run on his refund/overpayment claims for tax years 1999, 2000 and 2001.  This Court lacks subject matter jurisdiction over any claim for a refund beyond the limitation period established by 26 U.S.C. 6511(a).  *Wachovia N.A. v. United States*, 455 F.3d 1261 (11th Cir. 2006); *Little People's School, Inc. v. United States*, 842 F.2d 570, 571 (1st Cir. 1988).  The Government's cross-motion for summary judgment is therefore granted as to Counts 1-3 for tax years 1999, 2001 and 2002.

As for refunds due for tax years 2003, 2004 and 2006, the Government contends that it has credited McKinzy's refunds to the penalties he accrued for failing to timely file his tax returns.  (Def. Brief ¶ 11).  The Government also requests additional discovery to determine the accuracy of McKinzy's filed tax returns and to take his deposition.  (Hussey Decl. ¶¶ 5-7).  Rule 56(f) of the Federal Rules of Civil Procedure permits the Court to refuse an application for summary judgment or order a continuance if it

3

Case 4:07-cv-00511-NKL   Document 27   Filed 12/14/07   Page 3 of 4

"appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." In this case, there has been no discovery, which is essential to determine what penalties and refunds are due. *See Celotex*, 477 U.S. at 326. The Court will therefore deny without prejudice McKinzy's motion for summary judgment. It can be refiled after the Government has had opportunity to do reasonable discovery.

Accordingly, it is hereby ORDERED that:

1. McKinzy's Motion for Summary Judgment [Doc. # 9] is DENIED without prejudice.

2. The Government's Cross-Motion for Summary Judgment [Doc. # 20] is GRANTED as to McKinzy's claims for overpayment for tax years 1999, 2001 and 2002.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 14, 2007
Jefferson City, Missouri

4